IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROBERT C. GREEN,**                              3:11-CV-00690 RE

     Plaintiff,                    **OPINION AND ORDER**

   v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

     Defendant.


**REDDEN**, Judge:

Plaintiff Robert Green ("Green") brings this action to obtain judicial review of a final

decision of the Commissioner of the Social Security Administration ("Commissioner") denying

his claim for Social Security Disability ("SSD") and Supplemental Security Income ("SSI")

benefits. For the reasons set forth below, the decision of the Commissioner is reversed and this

matter is remanded for the calculation and payment of benefits.


1 - OPINION AND ORDER

## BACKGROUND

Born in 1963, Green completed a general equivalency degree, and has worked as an artist, fishmeal operator, warehouse clerk, and U.S. Coast Guard Seaman. Tr. 168. In November 2007, Green filed an application for SSI benefits, alleging disability since December 31, 1999, due to bipolar disorder, anxiety disorder, and attention deficit hyperactivity disorder ("ADHD"). His application was denied initially and upon reconsideration. After a January 2010 hearing, an Administrative Law Judge ("ALJ") found him not disabled. Green's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Green had the medically determinable severe impairments of an affective disorder, anxiety disorder, and ADHD. Tr. 16. The ALJ found that Green's impairments do not meet or equal in severity any listed impairment. Tr. 17.

The ALJ determined that Green retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with no contact with the public, occasional contact with co-workers and supervisors, no exercise of independent judgment, and performance of only simple, repetitive tasks. Tr. 18.

The ALJ found that Green has no past relevant work, but is able to work as a janitor, garment sorter, or cannery worker. Tr. 22.

The medical records accurately set out Green's medical history as it relates to his claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

2 - OPINION AND ORDER

## DISCUSSION

Green contends that the ALJ erred by: (1) improperly weighing physician testimony; (2) failing to comply with Regulations and Rulings governing the evaluation of mental impairments; (3) improperly rejecting lay testimony; and (4) posing an invalid hypothetical question. The first allegation is dispositive.

## I. Physician Opinion

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

## A. Katie Ugolini, Ph.D.

In October 2009, Dr. Ugolini administered a Neuropsychological Screening Examination of Green. Tr. 344-58. Dr. Ugolini found Green would be likely to have increased difficulty with attention and concentration when outside the established structure of the test. She found:

> Due to Mr. Green's attentional difficulties and mood disorder, it is my opinion that he would have significant difficulty remembering and carrying out work-related instructions. Additionally, Mr. Green would have moderate to marked difficulty sustaining concentration and attention and persisting in productive activity due

[to] his psychiatric symptoms and inattention.  Moreover, Mr.
Green would likely have significant difficulty interacting in
appropriate work-related social interactions due to his
psychiatric symptoms.

Tr. 354.

Dr. Ugolini found that Green would have marked limitations in his ability to make

judgments on complex work-related decisions and in his ability to interact appropriately with the

public, coworkers, and supervisors.  *Id.*

The ALJ gave Dr. Ugolini's opinion significant weight, noting that it is based on

accepted, objective measures of intelligence and personality.  Tr. 20.  However, the ALJ's RFC

finding precluded Green from interacting with the public, but allowed for occasional interaction

with coworkers and supervisors.  Tr. 18.  The Vocational Expert testified that a frequent inability

to interact with the public, coworkers, and supervisors would preclude employment.  Tr. 48-50.

The Commissioner argues that the ALJ properly relied on Dr. Ugolini's narrative

statement instead of the check-marked boxes on the Medical Source Statement.    This argument

fails because the limitations are noted in both Dr. Ugolini's narrative and on the Medical Source

Statement.  Tr. 354, 356-57.  The ALJ erred by failing to offer clear and convincing reasons to

reject those opinions.

**B.  Lynn Friedman, M.D.**

Dr. Friedman completed a form regarding Green's ability to function in October 2010,

several months after the hearing before the ALJ.  Tr. 360-63.  This information was considered

by the Appeals Council, which declined to remand the matter to the ALJ.  Tr. 2.

Dr. Friedman opined that Green's conditions result in marked impairment in maintaining concentration, persistence, and pace and marked difficulty in social functioning, with four or more episodes of decompensation of extended duration. Dr. Friedman's opinion, if credited, establishes that Green meets the requirements of 20 C.F.R. § 404, Subpart P, Appendix 1, Listing 12.04, and is disabled.

The Commissioner argues that Dr. Friedman's 2010 opinions are not consistent with her treatment notes, and that the treatment notes indicate that Green's mood cycled over time. This is true, but the treatment notes indicate that Green is seriously depressed more often than he reports feeling well. Tr. 266, 268, 281, 291.

## II. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000), *cert. denied,* 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a

5 - OPINION AND ORDER

determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart,* 340 F.3d 871, 876 (citing *Bunnell v. Sullivan,* 947 F.2d 871(9th Cir. 2003)(en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010).

The ALJ's failure to credit the opinions of the treating and examining physicians is erroneous for the reasons set out above. The Vocational Expert testified that, if the opinions are credited, and Green is frequently unable to interact appropriately with co-workers and supervisors, he would be unable to maintain employment. Tr. 48-50.

## CONCLUSION

The ALJ's decision is not supported by substantial evidence. This matter is reversed and remanded for the calculation and award of benefits, and this matter is dismissed.

IT IS SO ORDERED.

Dated this 14th day of August, 2012.

_____
JAMES A. REDDEN
United States District Judge